IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUEBEN ALLEN,<br><br>Defendant. | Case No. CR13-0001<br><br>ORDER FOR PRETRIAL DETENTION |

On the 17th day of January, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, Jonathan B. Hammond.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 9, 2013, Defendant Rueben Allen was charged by Indictment (docket number 3) with conspiracy to distribute crack cocaine (Count 1) and four counts of distribution of crack cocaine (Counts 2-5). At the arraignment on January 14, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 18, 2013.

At the hearing, Department of Correctional Services Officer Tracy Weems testified regarding the circumstances underlying the instant charges.[1] On November 14, 2011, a Confidential Source ("CS") contacted Defendant to set up a controlled transaction for the purchase of crack cocaine on the following day. On the 15th, the CS called Defendant and agreed to meet Defendant at a grocery store to purchase crack cocaine. An undercover officer drove the CS to the grocery store. The CS got into a white van driven by Defendant, and they drove to a gas station across the street from the grocery store. The

---

[1] Weems is currently assigned to the FBI Safe Streets Task Force in Cedar Rapids, Iowa.

CS purchased 1.6 grams of crack cocaine from Defendant. The telephone calls and controlled transaction involving the CS were recorded and surveilled by law enforcement.

On January 25, 2012, the CS called Lovie Allen, Defendant's brother, to set up a controlled transaction on February 1, 2012. The transaction was pushed back to February 2. On the 2nd, the CS called Lovie and the Defendant answered Lovie's phone. A transaction was set up for later that day at Lindale Mall in Cedar Rapids, Iowa. An undercover officer drove the CS to Lindale Mall. Defendant and Dominic Anderson arrived at the mall in a green van around 4:00 p.m. The CS entered the back of the van and purchased 1.4 grams of crack cocaine from Defendant. The CS exited the van and motioned the undercover officer to come to the van. Defendant told the CS and undercover officer that he would get more crack cocaine for them. Around 4:50 p.m., Defendant, Anderson, and Lovie returned to the mall in a red Saturn car. The CS went to the driver's window and purchased 1.7 grams of crack cocaine from Lovie. The telephone calls and controlled transactions on February 2, 2012, involving the CS were again recorded and surveilled by law enforcement.

On March 15, 2012, the CS called Defendant's phone. Lovie answered the phone and the CS set up a controlled transaction at Lindale Mall. The CS was taken to the mall by task force officers. Defendant and Lovie arrived at the mall in a Ford Expedition. The CS got into the Expedition and purchased 1.3 grams of crack cocaine. Again, the telephone call and controlled transaction involving the CS was recorded and surveilled by law enforcement.

Officer Weems testified that 20-plus individuals have proffered to law enforcement that Defendant was a drug source in Cedar Rapids, and was involved in the distribution of crack cocaine and marijuana. Multiple individuals also proffered that Defendant generally carried a firearm on his person or in his vehicle. Additionally, Weems stated that Defendant's involvement in the distribution of drugs increased after his brother, Albert Allen, Jr., was arrested in November 2011.

On February 8, 2012, law enforcement was called to an altercation at an apartment complex in Cedar Rapids. According to Richard Allen, who is related to Defendant, Defendant pointed a gun at him while Richard was driving away from the apartment complex. Richard described the gun to law enforcement, and officers found a gun matching Richard's description in bushes at the apartment complex. Footprints matching shoes belonging to Defendant were observed around the bushes where the firearm was found.[2] Defendant was arrested, but charges were not filed. Additionally, the Government presented evidence from Chicago that a victim identified Defendant as shooting him in September 2010.[3]

According to the pretrial services report, Defendant is 21 years old. He was born and raised in Chicago, Illinois. About 3 years ago, Defendant moved to Marion, Iowa. Defendant's parents both reside in Marion. Defendant has 10 siblings and 11 half-siblings, most of whom reside in Chicago. Defendant has never been married and has no children.

Defendant is currently unemployed. He has never held a job, except for a two-week period in 2012, when he worked at Kmart. Defendant told the pretrial services officer that he has an "abnormal bone" in his leg, requiring 6 pins to be surgically placed in his leg. Defendant's mother told the pretrial services officer that Defendant suffers from high blood pressure. Defendant reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that he started using marijuana when he was 17 years old, and smokes it about 3 times per month. His last use was two weeks before his arrest.

Defendant was arrested in Chicago numerous times as a juvenile and charged with battery, aggravated assault, assault and aggravated assault, and aggravated unlawful use of a weapon. The disposition of all of these charges is unknown. In February 2009, when

---

[2] *See* Government Exhibits 1 and 2.

[3] *See* Government Exhibit 3.

he was 17 years old, Defendant was charged with assault. That charge was ultimately dismissed three years later, in March 2012.

On March 11, 2012, Defendant was charged in Chicago with aggravated battery/great bodily harm. The disposition of that charge is unknown. On November 21, 2012, Defendant was charged with driving while barred and providing false identification information. Those charges remain pending in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified

offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute crack cocaine and four counts of distribution of crack cocaine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. The charges in counts 2-5 stem from controlled transactions involving a CS purchasing crack cocaine from Defendant. All of the controlled transactions and telephone conversations between Defendant and the CS were recorded and surveilled by law enforcement.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Officer Weems testified that various individuals proffered that Defendant is a source for drugs in Cedar Rapids and is known to possess a gun on his person or in his vehicle. The Government also presented evidence that in September 2010, Defendant may have shot an individual in Chicago.[4] The victim of the shooting identified Defendant as the shooter, but charges were not pursued. In February 2012, Defendant's brother reported to law enforcement that Defendant pointed a gun at him when he was driving

---

[4] *See* Government Exhibit 3.

away from an apartment complex. Law enforcement found a gun matching the description of the gun in bushes at the apartment complex. Footprints around the bushes matched Defendant's footprints.

Defendant is not employed. Defendant lacks firm ties to the community. If convicted of count 1 of the Indictment, Defendant faces a mandatory minimum 10 year prison term. This is a factor regarding the likelihood he will appear. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 14, 2013) to the filing of this Ruling (January 18, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 18th day of January, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA